UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/15

-----------------------------------------------------------------------X
: 
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, :
APPRENTICESHIP, JOURNEYMAN :         15 Civ. 3811 (PAE)
RETRAINING, EDUCATIONAL AND INDUSTRY :
FUND, et al., :         OPINION & ORDER
:
                                    Petitioners, :
:
                    -v- :
:
RICHIE JORDAN CONSTRUCTION INC., :
:
                                    Respondent. :
:
-----------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On May 18, 2015, petitioners commenced this action—pursuant to § 502(a)(3) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3); § 301 of

the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and § 9 of the

Federal Arbitration Act ("FAA"), 9 U.S.C. § 9—to confirm an arbitration award (the "Award")

issued against respondent Richie Jordan Construction Inc. ("Richie Jordan Construction" or

"respondent"). Dkt. 1 ("Pet."). Petitioners are the Trustees of the New York City District

Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman

Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and

Charity Fund (collectively, "the Funds"); the New York City and Vicinity Carpenters Labor-

Management Corporation; and the New York City District Council of Carpenters ("the

Union"). Petitioners now move to confirm the Award, which was rendered pursuant to a

collective bargaining agreement between the Union and Richie Jordan Construction, and for

attorneys' fees and costs.  For the reasons that follow, the Court grants petitioners' motion, subject to minor modifications.

## I.       Background[1]

### A.       The Parties

With respect to petitioners:  First, the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA."  Pet. ¶ 4.  The trustees are "fiduciaries of the [] funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21)."  *Id.*  Second, the Trustees of the New York City Carpenters Relief and Charity Fund are trustees of a charitable organization established under § 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  *Id.* ¶ 5.  Third, the New York City and Vicinity Carpenters Labor-Management Corporation is a New York non-profit corporation.  *Id.* ¶ 7. Fourth, the New York City District Council of Carpenters (the "Union") is a labor union that represents employees.  *Id.* ¶ 6.  All petitioners are based in New York, New York.  *Id.* ¶¶ 4–7.

Respondent Richie Jordan Construction is a New York corporation.  *Id.* ¶ 8.  At all relevant times, it was an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of § 501 of the LMRA, 29 U.S.C. § 142.  *Id.*  Also at all relevant times, Richie Jordan Construction was a party

---

[1] The following undisputed facts are derived from the Petition, Dkt. 9 ("Pet.") and the exhibits attached thereto, and petitioners' memorandum of law, Dkt. 3.  The exhibits to the Petition and the memorandum of law were filed publicly for the first time on November 13, 2015, but had been in the possession of the Court since the Petition was filed in May 2015.

to a collective bargaining agreement (the "CBA") with the Union.  *Id.* ¶ 9; *see also id.*, Ex. A ("CBA").

### B.      The Collective Bargaining Agreement

Under Article XV of the CBA, Richie Jordan Construction was required to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union.  CBA Art. XV, § 1.  The same provision of the CBA required Richie Jordan Construction to furnish its books and payroll records, upon request by the Funds, for the purpose of conducting an audit in order to ensure compliance with required benefit fund contributions.  *Id.* ("It shall be a violation of this Agreement for any signatory Employer to fail to furnish proper records when requested, for the purpose of completing an audit.").

Pursuant to the CBA, the petitioners conducted an audit of respondent's books and records covering the period of March 18, 2014 through May 6, 2014.  Pet. ¶ 15.  The audit revealed a delinquency in the principal amount of $76,070.24, which respondent failed to remit. *Id.*

At that point, the Funds invoked the CBA's arbitration clause and submitted the dispute to arbitration.  *Id.* ¶ 16; *see also* CBA Art. XV, § 7 ("Should any dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . ."); *accord* CBA Art. XII, § 2 ("Any grievance not resolved [by negotiation] shall be submitted to arbitration . . . .").

### C.      The Arbitration Award

Petitioners sent respondent two Notices of Hearing, one scheduling the hearing for December 3, 2014, and another rescheduling it for January 16, 2015.  Pet., Ex. B.  Both notices

were mailed by regular and certified mail, and petitioners have provided sufficient proof of service in the form of certified mail receipts. *Id.*; *see* CBA Art. XII, § 2. The dispute was submitted to Roger E. Maher, an approved arbitrator listed in the CBA. *See* CBA Art. XV, § 7.

Richie Jordan Construction did not request an adjournment or extension of time. Award at 1–2. On January 16, 2015, petitioners appeared but Richie Jordan Construction did not. *Id.* at 1. Maher found Richie Jordan Construction in default and, consistent with the CBA, *see, e.g.*, Art. XII, § 2, heard testimony and took evidence on petitioners' claims. Award at 2.

On January 19, 2015, Maher issued the Award. He held that the CBA became effective between the parties on January 23, 2014. *Id.* He further ruled that, based on petitioners' "substantial and credible evidence," Richie Jordan Construction was "delinquent in Fringe Benefit monies due under [the CBA]." *Id.* Maher determined that Richie Jordan Construction owed petitioners a total of $97,209.96, consisting of: (1) a principal deficiency of $76,070.24; (2) interest of $3,054.43; (3) liquidated damages of $15,214.05; (4) promotional fund contributions of $142.24; (5) late payment interest of $229; (6) court costs of $400; (7) attorneys' fees of $1,500; (8) an arbitrator's fee of $500; and (9) a bounced check fee of $100. *Id.* Maher ruled that interest would accrue, on the total Award (*i.e.*, $97,209.96), at the rate of 5.25% from the date of the Award. *Id.* Richie Jordan Construction has not paid the Award. Pet. ¶ 19.

### D.   This Action

On May 18, 2015, petitioners filed a petition to confirm the Award, Dkt. 1, along with attached exhibits, Dkt. 9, and a supporting brief, Dkt. 3. Respondent's answer was due June 16,

2015, *see* Dkt. 5, and its brief in opposition was due September 18, 2015, Dkt. 6. To date, Richie Jordan Construction has not opposed this petition or otherwise appeared in this case.

## II.      Discussion

### A.      Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the

merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitration award against a party that has failed to appear in the action is evaluated under the legal standard applicable to a motion for summary judgment. *D.H. Blair*, 462 F.3d at 109. To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations omitted). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v.*

*Foley*, 274 F.3d 677, 681 (2d Cir. 2001).  In reviewing an unopposed motion for confirmation of

an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to
> determine if it has met its burden of demonstrating that no material issue of fact
> remains for trial.  If the evidence submitted in support of the summary judgment
> motion does not meet the movant's burden of production, then summary judgment
> must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (citations omitted).  Where "there is no

indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's

jurisdiction, or otherwise was contrary to law . . . a court must confirm the award upon the timely

application of any party."  *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007

WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*,

750 F.2d 171, 176 (2d Cir. 1984)).

### B.    Confirmation of the Arbitration Award

On the basis of the Award, and on the very limited review that is appropriate, the Court

finds that summary judgment is warranted, as petitioners have shown there is no material issue of

fact in dispute.  The arbitrator acted within the scope of the authority granted him by the

parties.  *See, e.g.*, CBA Art. XII, § 2; *id.* Art. XV, § 7.  The arbitrator found "substantial and

credible evidence" that the CBA required Richie Jordan Construction to make certain payments

to Fringe Benefit Trust Funds, and that it failed to do so, as revealed by an audit conducted by

petitioners pursuant to the CBA.  Award at 2.  From this, the Court concludes that there is at least

a "barely colorable justification for the outcome reached," and by all indications a more than

colorable one.  *Landy Michaels Realty Corp.*, 954 F.2d at 797.  Accordingly, the Court confirms

the Award in favor of petitioners, for a total amount of $97,209.96, plus 5.25% interest from

January 19, 2015 (the date of the Award).

### C.        Attorneys' Fees and Costs

Petitioners also seek reasonable attorneys' fees and costs incurred in bringing this petition, to which they are entitled under the CBA and ERISA § 502(g)(2).  *See* CBA Art. XV, § 6(a) ("In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action . . . ."); 29 U.S.C. § 1132(g)(2) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ."); *see generally Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049 (JFB) (GRB), 2014 WL 2600095, at *8 (E.D.N.Y. June 11, 2014).

### 1.        Attorneys' Fees

The party seeking attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The starting point for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see generally Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010).  "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'"  *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d

Cir. 2008)).  Courts are obliged to exclude hours that are "excessive, redundant, or otherwise

unnecessary."  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley*, 461

U.S. at 434).  The reasonableness of hourly rates are guided by the market rate "[p]revailing in

the community for similar services by lawyers of reasonably comparable skill, experience and

reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The relevant community is this

District.  *Arbor Hill Concerned Citizens*, 522 F.3d at 190–91.

Here, petitioners seek attorneys' fees of $2,180, reflecting 8.9 hours of work.  *See* Pet. ¶

28.  To support their request for such fees, petitioners' counsel submitted an invoice that detailed

the tasks performed and the hours worked.  *See id.*, Ex. D ("Invoice").  This Invoice also

provides the hourly rates and experience of the relevant individuals.  Two attorneys worked on

this case.  One attorney was Milana Dostanitch, an associate at Virginia & Ambinder, LLP

("V&A") and a 2014 law school graduate, whose practice area is representation of

multiemployer employee benefit plans in ERISA litigation.  Pet. ¶ 25.  She billed at a rate of

$225 per hour for 1.5 hours worked, and $250 per hour for 7.1 hours worked.[2]  Invoice.  The

other attorney was Michael Isaac, an associate at V&A and a 2007 law school graduate, who

regularly represents multiemployer benefit plans in ERISA litigation.  Pet. ¶ 24.  He billed at a

rate of $225 per hour for 0.30 hours worked.  *Id.*  Finally, V&A billed legal assistants' time at a

rate of $100 per hour, *id.* ¶ 26, but the Invoice does not list any billings for legal assistants' time.

As to Isaac, courts in this District have found rates of $125–$300 per hour reasonable for

associates, depending on, *inter alia*, their experience.  Specifically, "[c]ourts in this district have

awarded a rate of $300 per hour for senior associates with at least eight years of experience,"

---

[2] The Petition inaccurately states that all of Dostanitch's time was billed at $225 per hour.  Pet. ¶
25.  If that were so, the total attorneys' fees for 8.9 hours worked at $225 would be $2,002.5, not
the requested $2,180.

while they "typically award rates in the range of $125–215 to associates with three years of experience or less." *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14 Civ. 2328 (GHW), 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) (collecting cases).  Courts have awarded up to $300 per hour for associates in ERISA cases.  *See, e.g.*, *N.Y.C. Dist. Council of Carpenters v. Rock-It Contracting, Inc.*, No. 09 Civ. 9479 (JGK) (AJP), 2010 WL 1140720, at *4 (S.D.N.Y. Mar. 26, 2010), *report and recommendation adopted*, 2010 WL 1558568 (S.D.N.Y. Apr. 19, 2010) (collecting cases); *N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009).  For associates, courts have also awarded the precise rate, $225, which Isaac seeks here.  *See, e.g.*, *Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal Mfrs. Inc.*, No. 13 Civ. 7741 (PAE), 2015 WL 4935116, at *10 (S.D.N.Y. Aug. 18, 2015).  This rate is reasonable in light of Isaac's experience.  *Cf. Apolinario*, 2015 WL 4522984, at *3.  Accordingly, the Court approves a rate of $225 per hour for Isaac.

As to Dostanitch, the Court will approve a reduced rate of $175.  That rate is significantly more in line with approved rates for junior associates in this District.  *See, e.g.*, *Agudelo v. E & D LLC*, No. 12 Civ. 960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) ($200 per hour for three years of experience); *Anthony v. Franklin First Fin., LTD.*, 844 F. Supp. 2d 504, 508 (S.D.N.Y. 2012) ($175 per hour for three years of experience); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012) ($150 per hour for junior associate with less than one year of experience).  Of course, this is not a commentary on the quality of representation—it is, rather, the numerical discrepancy that one would expect between an experienced ERISA associate like Isaac (who bills at a rate of $225 per hour) and a new attorney one and a half years removed from law school.  *See generally Apolinario*, 2015 WL 4522984, at *3.

"As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are 'reasonable.'" *Finkel v. Jones Lang LaSalle Am., Inc.*, No. 08 Civ. 2333 (RRM) (RML), 2009 WL 5172869, at *5 (E.D.N.Y. Dec. 30, 2009) (citation omitted); *see also McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). The Court has reviewed the Invoice provided by petitioners' counsel, and it reflects sound billing practices: It is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort. Accordingly, the Court finds the hours that counsel expended reasonable.

The Court therefore grants petitioners' counsel attorneys' fees in the amount of $1,572.50 (rather than $2,180, as requested).[3]

### 2.     Costs

To support their request for reasonable costs, petitioners' counsel included an itemization of the costs incurred over the course of this action. *See* Invoice. Petitioners seek to recover $467.50 for costs, including a court fee and a service fee. *Id.* Courts in this Circuit will generally grant "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Having reviewed petitioners' costs, the Court finds them reasonable and therefore awards petitioners' costs in the amount of $467.50.

Accordingly, the Court grants the petitioners' requests for reasonable attorneys' fees (as modified above) and costs, in the total amount of $2,040 ($1,572.50 plus $467.50).

---

[3] The approved total reflects the following calculation: For Dostanitch, $175 per hour, multiplied by 8.6 total hours worked, for a total of $1,505; for Isaac, $225 per hour, multiplied by 0.3 hours worked, for a total of $67.50.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $97,209.96, plus interest at a rate of 5.25% from the date of the Award through the date of this judgment, plus attorneys' fees and costs in the amount of $2,040.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: November 17, 2015
       New York, New York

12